IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CEDRIC RODRIGUEZ TONKINS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-21-0351 |
| J. PHILIP MORGAN and | * | |
| THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * | |
| Respondents. | * | |

***

**MEMORANDUM OPINION**

Cedric Rodriguez Tonkins brings two habeas corpus petitions pursuant to 28 U.S.C. § 2254. In the first Petition, Tonkins challenges his state parole eligibility date. ECF No. 1. In the second Petition, Tonkins challenges the validity of his guilty plea on the underlying state offense. ECF No. 3. The Petitions are ready for resolution and no hearing is necessary. *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Court denies the Petitions and declines to issue a certificate of appealability.

**I. Background**

On January 8, 2014, Tonkins pleaded guilty in the Circuit Court for Montgomery County to two counts of second degree burglary. ECF No. 9-1 at 25; ECF No. 3-1 at 69, 73. On February 26, 2014, the Circuit Court sentenced Tonkins to two fifteen-year concurrent prison terms. ECF No. 9-1 at 23; ECF 3-1 at 102. Tonkins did not appeal, but did move for the Circuit Court to modify his sentence on May 13, 2014. ECF No. 9-1 at 23. The Circuit Court held the motion *sub curia* and eventually denied relief on February 12, 2018. ECF No. 9-1 at 22, 15.

On December 14, 2018, Tonkins filed a state petition for habeas corpus in which he argued that because burglary is not a crime of violence, he should be eligible for parole after serving 25% of his prison sentence. ECF No. 9-1 at 44-51. On December 17, 2019, the Circuit Court denied the petition, concluding that because second degree burglary qualifies as crime of violence for parole purposes, Tonkins must serve at least 50% of his prison term before he could be parole eligible. ECF No. 1-1 at 23. Tonkins unsuccessfully attempted to appeal this decision, but Court of Special Appeals dismissed Tonkins' application for leave to appeal because the denial of his habeas corpus petition was not an appealable order. ECF No. 9-1 at 55. On October 26, 2021, Tonkins was released on parole. ECF No. 10.

On January 31, 2019, Tonkins filed a separate motion for state post-conviction relief in which he challenged the validity of his guilty plea. ECF No. 9-1 at 14; ECF No. 3-1 at 19-27 & 5-18. The Circuit Court denied this petition on August 19, 2019 (ECF No. 9-1 at 13), and the Court of Special Appeals denied Tonkins' application for leave to appeal on February 19, 2020 (ECF No. 9-1 at 52-53), issuing the mandate on March 24, 2020. ECF No. 9-1 at 54.

On February 7, 2021, Tonkins filed the two Petitions presently pending before this Court.[1] The Court considers each ground for relief separately.

**II. The Parole Eligibility Claim**

Because Tonkins has been paroled, the Court must first reach whether the question of his parole eligibility is moot. Article III of the United States Constitution confers jurisdiction to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Accordingly, for the Court to retain jurisdiction over a matter, it must present an actual 'case or controversy' not only when first filed, but through

---

[1] The second petition had been docketed as a supplement to the first. ECF Nos. 1-3 & 3-2.

2

adjudication of the claim. If subsequent events "effectively dispel the case or controversy during pendency of the suit," the Court loses jurisdiction and is "powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). A case no longer presents a justiciable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

Because Tonkins has already been paroled, the question of his parole eligibility date no longer presents a live case or controversy. For Tonkins, it matters not what the Court decides as to when Tonkins would be *eligible* for parole he has already been paroled. Moreover, the only potential remedy the Court could provide Tonkins is an earlier eligibility date, which, in light of his actual parole status, does not afford him any real relief. Thus, the claim is moot.

Nor do the facts trigger any exception to the mootness doctrine. Two exceptions merit discussion. First, where a petitioner is released pending the adjudication of his petition, the cause of action is not moot if the petitioner could face collateral consequences from the challenged error. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). To demonstrate the existence of such collateral consequences, the petitioner must show "some concrete and continuing injury other than the now-ended incarceration." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) *citing Spencer v. Kemma*, 523 U.S. 1, 7 (1998). The second exception arises where the legal question raised is "capable of repetition, yet evading review." *Leonard*, 804 F.2d at 842 (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). In this instance, an issue is not moot if (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) a reasonable expectation exists that the same petitioner will be subjected to the same wrongful action again. *Leonard*, 804 F.2d at 842 (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

Tonkins had not given the Court anything to conclude that either exception applies. Because Tonkins is on parole, he has not shown that he faces ongoing harm from the purported erroneous calculation of his parole eligibility date. Nor does anything suggest that the parole eligibility challenge is capable of repetition yet evading review. *Leonard*, 804 F.2d at 842. Since Tonkins has already been granted parole, no reasonable expectation exists that the percentage of prison term necessary for parole consideration will ever resurface as to him. *See O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) ("[W]e are ... unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction...."). Thus, the question presented in the first Petition is moot and will be dismissed.

**III. The Invalid Plea Claim in the second Petition is Untimely**

As to the second Petition, it must be dismissed as untimely filed. 28 U.S.C. § 2244(d)(1) sets a one-year time limitation for seeking a federal writ of habeas corpus "pursuant to the judgment of a State court." This limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Section 2241(d)(2), however, expressly excludes from that one-year calculation "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. *Id.*

Pursuant to Section 2244(d)(2), the time from March 13, 2014, when Tonkins moved for reconsideration of the sentence until the motion was denied on February 12, 2018, is excluded. *See* 28 U.S.C. § 2244(d)(2); *Mitchell v. Green*, 922 F.3d 187, 195 (4th Cir. 2019) (holding that a motion for review under Maryland Rule 4-345(e) may toll the limitations period). Next, and

liberally construed, the period from December 14, 2018, when Tonkins filed his state habeas petition, through the conclusion of his state post-conviction petition on March 24, 2020, must be excluded. But even with these periods of exclusion, the Petition is still untimely. No motions were pending between from February 12 and December 14 of 2018 (ten months), and between March 24, 2020, and the February 7, 2021, filing date (nine months). Thus, because these periods were not tolled, and together exceed one year, the Petition was filed outside § 2244's limitations period.

Nor can Tonkins demonstrate that equitable tolling should save the claim. Equitable tolling applies "in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To receive the benefits of equitable tolling, the petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (stating that a habeas petitioner seeking equitable tolling must establish that some wrongful conduct by respondent prevented him from timely filing the petition or that extraordinary circumstances outside of the petitioner's control caused the delay). The Court may also consider time-barred claims under this doctrine if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Despite having been granted the opportunity to show otherwise, Tonkins has given this Court nothing to support a finding of extraordinary circumstances or of actual innocence. *See Woodward v. Cline*, 693 F.3d 1289 (10th Cir. 2012) (holding that state prisoner's claim that his

guilty plea was not knowing and voluntary was not a claim of actual innocence necessary to equitably toll limitations period). Accordingly, equitable tolling does not apply. The Petition challenging the validity of Tonkins' guilty plea is untimely, and so must be dismissed.

### IV. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Tonkins has not demonstrated that a certificate of appealability is warranted, and so the Court shall not issue it. Tonkins may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### V. Conclusion

For the foregoing reasons, Tonkins' Petitions for a writ of habeas corpus (ECF No. 1, ECF No. 3) are DENIED.

/S/
_____
Paula Xinis
United States District Judge